# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

WILLIAM H. DANNAT, as sole Surviving Member of the FIRM OF DANNAT & BROTHER, *v.* THE BOARD OF EDUCATION OF THE · CITY AND COUNTY OF NEW YORK.

*Board of education of New York — has not power to draw drafts upon the chamber-lain — delivery of vouchers and certificate by.*

Appeal from a judgment in favor of the plaintiff, entered upon an order sustaining a demurrer to defendant's answer.

The action was brought by the plaintiff, as assignee of a portion of the moneys falling due to one Dannat under a contract made by him for the erection of a school-house, to compel the defendant to draw its draft, payable to the order of the plaintiff upon the chamberlain of the city of New York, in pursuance of section 16 of chapter 386 of 1851. The defendant demurs on the ground that under the charter of 1873 money would no longer be paid out of the city treasury upon its draft, and that they were no longer required to draw one but simply to deliver a voucher and certificate to the comptroller, and that this had been done by it in this case. The court at General Term said:

"Under the provisions of chapter 386 of the Laws of 1851, the moneys raised for the board of education were placed in the city treasury. In section 16 of the act it was provided that it should be drawn by the draft of the board of education upon the chamberlain. The moneys raised and appropriated were thus put under the direct control of the board of education. By chapter. 335 of the Laws of 1873 a finance department was created, at the head of which was the Comptroller, and the direct control of all

moneys raised and appropriated was placed in that department, and it was provided that no moneys might be paid out of the city treasury but by warrants drawn by the comptroller and countersigned by the mayor, and that before any warrant could be drawn for the payment of any money a voucher of the amount must have been examined and allowed by the auditor, approved by the comptroller and filed in the department of finance. The Court of Appeals have held that the system thus created applied to all moneys to be paid out of the city treasury, and that the school moneys are not to be excluded therefrom. (*Dannat* v. *The Mayor, etc.,* 66 N. Y., 585; *People ex rel. Root* v. *Tappen,* 67 id., 580.) In the latter case it was held that the chamberlain cannot pay moneys from the city treasury upon the warrant or draft of the president and secretary of the board of education.

In this state of the law all that is necessary, as it seems to us, on the part of the board of education, is to furnish, in proper form, a voucher for the action of the auditor and comptroller."

*Francis Lynde Stetson,* for the appellant.    *G. C. King* and *John H. Hand,* for the respondent.

Opinion by DAVIS, P. J.; DANIELS and BRADY, JJ., concurred.

Judgment reversed, demurrer overruled with costs and with leave to the plaintiff to reply or to proceed with the trial of the issue of fact.